**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.  1:17-CR-00356 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | **DEFENDANT JOSEPH HAGGERTY'S** |
| | ) | **OBJECTIONS  TO PRESENTENCE** |
| JOSEPH B. HAGGERTY | ) | **INVESTIGATION REPORT, MOTION FOR A** |
| | ) | **DOWNWARD VARIANCE AND** |
| Defendant. | ) | **SENTENCING MEMORANDUM** |

Now comes the defendant, JOSEPH B. HAGGERTY who is a citizen of Canadian, by and through his attorney, and submits his *Objections to the Presentence Investigation Report, Motion for a Downward Variance and Sentencing Memorandum* for the Court's consideration and respectfully requests that this Honorable Court impose a 180-month minimum mandatory sentence as opposed to the very severe 292-360 month guideline sentence set forth in the Presentence Investigation Report.[1]  A 180-month sentence is by any measure sufficient but not greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a).

   Respectfully submitted,


   /s/ Jeff Hastings_____
   JEFF HASTINGS (S.C.R. #0052140)
   50 Public Square, Suite 3300
   Cleveland, Ohio 44113-2289
   216.344.8300/216.696.1166(f)
   jhastings@hastingslegal.net
   Attorney for Defendant

---

[1]  Mr. Haggerty's conviction carries a statutory minimum sentence of 15 years and a statutory maximum of 30 years. 18 U.S.C. §2251(e).  His guideline imprisonment range is 292 months to 365 months. However, the statutorily authorized maximum sentence of 30 years is less than the maximum of the guideline range; therefore, the guideline range is 292 months to 360 months. U.S.S.G. §5G1.1(c)(1).

1

**SENTENCING MEMORANDUM**

**I.    INTRODUCTION**

By entering a timely plea of "guilty" in this case, Joseph Haggerty (a Canadian citizen who resides in St. Stephen New Brunswick Canada and who was arrested while visiting the United States) readily accepted responsibility for committing the crime of persuading a pubescent 17-year old female that he had been skyping with over the internet to engage in sexually explicit conduct and then capturing those images on his home computer for his personal use, all in violation of Title 18, U.S.C. § 2251(a).

Mr. Haggerty understands that the offense for which he plead to is a serious offense and the harm it has caused MV2. Further, once Mr. Haggerty completes his prison sentence, he will be deported back to Canada where he faces charges similar to the charges he plead guilty to in this case. See Exhibit "A" attached hereto.

Because Mr. Haggerty timely accepted responsibility for his crime, his mental health maladies, addiction to marijuana and the circumstances surrounding his criminal conduct. . .a prison sentence of 180-months (which is below the guideline range of 292-360 months for Criminal History Category I), five years supervised release and registration as a Tier II sex offender (requiring him to report every 180 days for the next 25 years) is by any measure sufficient but not greater than necessary to achieve the purposes of sentencing.[2]

---

[2] Because Mr. Haggerty is a Canadian citizen, he will most certainly be deported to Canada once he is released from prison. Therefore, while supervised release is a part of the sentence, it is not likely he will serve it because of his deportation.

**II.    § 3553(a) FACTORS AS APPLIED TO JOSEPH B. HAGGERTY**

When sentencing a defendant, the court will consider all of the sentencing factors enumerated in 18 U.S.C. §3553(a). These factors include:

   1) The nature and circumstances of the offense, and the history and characteristics of the defendant;

   2) The need for the sentence imposed –

      A) To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

      B) To afford adequate deterrence to criminal conduct;

      C) To protect the public from further crimes of the defendant; and,

      D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   3) The kinds of sentences available;

   4) The advisory guideline range;

   5) Any pertinent policy statements issued by the sentencing commission.

   **A. 18 U. S. C. § 3553(a)(1):  THE HISTORY AN CHARACTERISTICS OF JOSEPH HAGGERTY AND THE NATURE AND CIRCUMSTANCES OF THE OFFENSE.**

   **1. The history and characteristics of Joseph Haggerty**

At the age of 50 Joseph Haggerty is a first-time offender and completely alone. He has no brother or sister. His abusive mother is dead as he presumes is his father that he never met. His Uncle Joe (his mother's brother) who raised him, died while Mr. Haggerty has been in custody. His grandmother that raised him is also dead. His first cousin (the daughter of Uncle Joe) cannot be located. Mr. Haggerty's mother did give birth to a half-sister (different father than Mr. Haggerty's) who Mr. Haggerty has had no contact with because he was raised by his Uncle Joe until Uncle Joe's

divorce then was raised by his grandmother. Fortunately, Mr. Hagerty found refuge while growing up in his Uncle's and grandmother's homes. ¶ 57-59. Presentence Investigation Report. ("PSI")

Mr. Haggerty has lived in New Brunswick, Canada his entire life and is single with no children. He suffers from chronic back pain due to injuries while he played semi-professional hockey many years ago, and most recently in 2011 he suffered a career ending work related injury after falling some 30 feet from a deck while performing maintenance on a boat. ¶¶ 60, 61, 63 PSI. As a child Mr. Haggerty was the victim of a sexual offense and currently suffers from depression and has a sleeping disorder. At the beginning of February 2018, a physician at CCA proscribed Mr. Haggerty the following medication. Nortriptyline, 50 mg for depression/anxiety; Venlafaxine for depression; Naproxen 500 mg. anti-inflammatory for his back and Trazadone 200 mg for sleep. ¶¶ 64, 68 PSI.

Mr. Haggerty has an admitted addiction to marijuana. Recognizing his addiction, he desires to avail himself of counseling and substance abuse programs to help him overcome his addiction to marijuana. ¶ 69 PSI.

Mr. Haggerty has also demonstrated an ability and potential to again become a productive member of society after his release. He has already obtained his high school diploma, an associate degree from New Brunswick College and received certificates in fork lift and lift truck operation, electrical safety and a license in electrical power.

Until his devastating injury in 2011, Mr. Haggerty always had a job and paid Canadian taxes. First with the New Brunswick Power Commission for 16 years, then Global Plastics for nine years and finally Costal Transport for three years. Prior to his arrest and as a result of his work related injuries he was subsisting on monthly disability payment of $585. ¶¶ 73-74, PSI. Currently, while incarcerated at CCA in Youngstown, OH. he works as a laundry porter and

maintenance laborer for a couple hours each day.

The PSI correctly notes that Mr. Haggerty is indigent and unable to pay a fine or other costs related to his prosecution, incarceration and supervision. ¶ 77 PSI.

He intends to make productive use of his time in confinement. That is continuing with vocational training along with mental health and substance abuse counseling, so he will have better improve his job skills that will enable him to obtain employment upon his release.

As for Mr. Haggerty's pretrial adjustment, for over nine months, since his arrest on August 10, 2017, Mr. Haggerty has been in custody at CCA in Youngstown, OH. He has been compliant with the terms and conditions of his custody.

### 2. The Nature and Circumstances of the Offense

This case came about after an investigative referral in January 2017 to Homeland Security Investigations ("HSI") in Cleveland, Ohio, from HSI in Austin, Texas. The Austin, Texas, HSI received a referral from the Kyle Police Department in Kyle, Texas that Mr. Haggerty had communicated with a 12-year old female (MV1) online and she had his Canadian address.[3] Mr. Haggerty's name was then placed on an airline watch list.

In January 2017 Mr. Haggerty met MV2 while in an on-line chat room. Over the months he and MV2 developed an on-line relationship. During that time, he learned that she had turned 17 years old a few weeks after they had met in January 2017. Beginning in mid-May 2017 through mid-July 2017, Mr. Haggerty did skype with MV2 and persuaded her to engage in sexually explicit conduct and then captured those images on his home computer for his personal use. There is no evidence that he distributed or shared these images with anyone or that he intended to.

---

[3] Though Mr. Haggerty has not yet been charged by the government for his contact with MV1 in Kyle, Texas, the filing of charges by the U.S. Attorney for the Western District of Texas has not been foreclosed.

His conduct was that of a man who mistakenly thought that because the age of consent in the State of Ohio is 17 years of age that the relationship he believed he had developed with MV2 and the images he had of her was permitted under the law. He came to Cleveland, OH. in August of 2017 after he and MV2 had discussed (over the internet) about meeting. Before Mr. Haggerty's flight landed, HSI Cleveland was notified that he was arriving in Cleveland and he was subsequently arrested at a park in Rocky River Park where he and MV2 met. At the time of his arrest, HSI agents did not know the purpose of Mr. Haggerty's visit or that he had an on-line relationship with MV-2.

The forgoing is simply the reason for Mr. Haggerty's conduct and not an excuse for it.

### B. THE KINDS OF SENTENCES AVAILABLE.

Because Mr. Haggerty's offense level is within Zone D, only a prison sentence is available.

### C. 18 U. S. C. § 3553(a)(4): THE ADVISORY GUIDELINE RANGE

In 2005, the United States Supreme Court changed federal sentencing as it had existed from the inception of the Sentencing Guidelines in 1984, by holding that the previously mandatory guidelines were now advisory. *United States v. Booker*, 543 U.S. 2002, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Additionally, Booker directed the federal courts of appeals to review sentences for "reasonableness." Id. In 2007, the Court issued a trio of opinions that clarified the sentencing process, spelled out specific separate tasks for the district courts and the courts of appeals, discussed the presumptions that could be applied, and generally expanded the district court's discretion at sentencing.

The first of those cases was *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). In *Rita* the Court instructed district courts, in fashioning an appropriate sentence, to focus on the sentencing factors contained within 18 U.S.C. § 3553(a). Id., 127 S.Ct.

6

at 2463. Most notably, the Court also emphasized section 3553(a)'s mandate to the sentencing judge to "impose a sentence sufficient, but not greater than necessary, to comply with" the basic aims of sentencing. Id.

In *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), the Court spelled out the different roles of the district courts and the courts of appeals with regard to sentencing. The district courts' role, as instructed by *Gall*, is to start by properly calculating the Guidelines range. Id., 128 S.Ct. at 596. The judge must then make an individualized assessment, based on the facts presented, in reliance on the §3553(a) factors, and arrive at a reasonable sentence. Unlike the court of appeals, the district court may not presume that a within-Guidelines sentence is reasonable. Id.

In *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), the Court concluded that a district court is permitted to fashion a sentence that is sufficient but not greater than necessary to meet the basic goals of sentencing, even when the judge's decision is based upon a fundamental disagreement with a guideline or policy statement. Following this line of cases, it is now clear that a district court judge has considerable discretion to determine what constitutes a reasonable sentence.

### 1. DETERMING THE APPLICABLE GUIDELINES RANGE

The United States Supreme Court has directed that a sentencing court conduct a three-step analysis in determining the appropriate sentence. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed. 2d 621 (2005). First, the court is to calculate the applicable guideline range. Next the court is to rule on motions for departure. Finally, the Court is to apply the factors enumerated in 18 U. S. C. §3553(a). Id., at 245-46. A "departure" occurs when the Court sentence above or below the guidelines through the

application of Chapters Three, Four or Five of the USSG. A "variance" occurs when the court "enhances or detracts from the recommended range through the application of 3553(a) factors". *U.S. v. Atencio*, 476 F3d 1009, 1101 n.1 (10th Cir. 2007).

    **a.**     **OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT'S TWO-LEVEL ADJUSTMENT FOR RELEVANT CONDUCT AND A FIVE-LEVEL CHAPTER FOUR ADJUSTMENT.**

    **i.**     **Defendant Objects to the proposed two-level adjustment assessed under "U.S.S.G. § 1B1.3(1)(A) Relevant Conduct" as set forth under paragraphs 34 through 44 of the Presentence Investigation Report.**

Mr. Haggerty objects to the proposed two-level adjustment assessed under "U.S.S.G. § 1B1.3(1)(A) Relevant Conduct" as set forth under paragraphs 34 through 44 of the Presentence Investigation Report.

The basis for Mr. Haggerty's objection is accurately "re-printed" and set forth on pages 22 and 23 of the Presentence Investigation Report along with the Probation Department's response and are incorporated into his *Sentencing Memorandum*.

    **ii.**     **Defendant Objects to the proposed five-level adjustment for engaging in a pattern of activity involving prohibited sexual conduct assessed under U.S.S.G. § 4B1(5(b)(1) as set forth under paragraph 45 of the Presentence Investigation Report.**

Mr. Haggerty Objects to the proposed five level adjustment for engaging in a pattern of activity involving prohibited sexual conduct assessed under U.S.S.G. § 4B1(5(b)(1) as set forth under paragraph 45 of the Presentence Investigation Report

Mr. Haggerty agrees with the First Disclosure's conclusion that Mr. Haggerty should not receive five-level Chapter Four enhancement. Further, the foregoing Kyle Police Dept. police report does not provide the necessary proofs that Mr. Haggerty persuaded, induced,

entice or coerced MV1 to engage in sexually explicit conduct.

      iii.      **Defendant Objects to the government's request for a two-level adjustment for obstruction of justice.**

In anticipation of the Government requesting this Honorable Court consider a two level adjustment for an obstruction-of-justice pursuant to USSG §3C1.1, Mr. Haggerty has set forth his objection to such an adjustment in Exhibit "B" attached hereto. The narrative set forth in Exhibit "B" was provided to the Probation Department in response to the Government's letter dated March 21, 2018 and attached to the PSI.

Accordingly, if Mr. Haggerty's objections are granted, his guideline sentencing range is 135-168 months.

**IV.    MOTION FOR DOWNWARD VARIANCE**

    **A.  <u>18 U. S. C. §3553(a) (2) The Need for the Sentence Imposed- A). to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense; B.) to Afford Adequate Deterrence to Criminal Conduct; C.) to Protect the Public from Further Crimes of the Defendant; D.) to provide needed educational, vocational training, medical care,, or other correctional treatment I n the most effective manner.</u>**

Mr. Haggerty understands that the offense for which he plead to is a serious offense and understands the harm it has caused MV2.

    1.    **To Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment**

With regard to promoting respect for the law and providing just punishment, it must be remembered that "[r]espect for the law is promoted by punishments that are *fair*. . .not those that simply punish for punishment's sake. There is no reason to believe that respect for the law will increase if a defendant who deserves leniency is sentenced harshly any more than there is reason to believe that respect for the law will increase if a defendant who deserves a harsh punishment

9

receives a slap on the wrist." *United States. v. Stern*, 590 F.Supp.2d 945 (N.D. Ohio) (Defendant convicted of possessing child pornography sentenced to twelve months and one day imprisonment.). Indeed, the Supreme Court has agreed that "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." *Gall v. United States*, 552 U.S. 38, 54 (2007) (quoting district court).

Even after the Court imposes a 180-month sentence, Mr. Haggerty will be deported back to Canada where he faces charges similar to the charges he plead guilty to in this case. After Mr. Haggerty's arrest in August 2017 he accepted responsibility for his offense conduct by timely pleading guilty to his role in this case. In light of the foregoing circumstances surrounding Mr. Haggerty's offense conduct, a 180-month sentence followed by deportation back to Canadian and registration as a Tier II sex offender (requiring him to report every 180 days for the next 25 years) by anyone's measure sufficiently takes into account his offense conduct and Criminal History Category of I. Further, such a sentence certainly promotes respect for the law and provides "just punishment for the offense".

  **2.**  **Afford Adequate Deterrence to Criminal Conduct**

A 180-month/15 year sentence is also a specific deterrence as unquestionably 180-months of incarceration is a significant amount of time to spend in prison followed by deportation back to Canadian and registration as a Tier II sex offender is sufficient to deter both Mr. Haggerty and the public from committing similar offenses. If a 180-month sentence is imposed along with registration as a Tier II sex offender, Mr. Haggerty will be 65 years old once his prison sentence is served. He'll then be deported back to Canada to face the same charges arising from his conduct with MV2. All in all, it is safe to assume that Mr. Haggerty will be

under the watchful eye of both the United States and Canadian governments for the remaining years of his 50-year old life.

###### 3. To Protect the Public from Further Crimes of the Defendant

The United States Sentencing Commission ". . .found that, consistent with existing research, two factors – **offenders' criminal histories and their ages at the time of release into the community – were most closely associated with differences in recidivism rates. (emphasis added)**

\* \* \*

Further that "other factors, including educational achievement and offense type, also were associated with differences in recidivism rates, but less so than age and criminal history." See United States Sentencing Commission *Recidivism Among Federal Offenders: A Comprehensive Review* Conclusion P. 27. (March 2016)[4]

For all male offenders in Criminal History Category I, the recidivism rate is 33%. Id at p. 19 Figure 7A. For those with no criminal history points the recidivism rate is 30.2%. Id at p. 18 Figure 6. For those over age 60 at the time of release, the rate is 16.0 %. Id at p. 23 Figure 11.

###### 4. The need to avoid unwarranted sentence disparities

Judge Gwinn was quoted in an August 2015 ABA Journal regarding the child pornography guidelines. The article reads in relevant part:

> "U.S. District Judge James S. Gwin of the Northern District of Ohio polled a jury in February (2015) about what jurors thought a suitable sentence would be for Ryan Collins, a child pornography defendant who was found guilty of having 19 videos and 93 still images on his computer.

---

[4] Available online at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf

> The jury recommended, on average, a 14-month sentence. Gwin then sentenced Collins to serve five years—longer than the jury recommendation yet significantly shorter than the government's 20-year recommendation.
>
> Responding to the poll results, Gwin was quoted as saying that jurors showed "how off the mark the federal sentencing guidelines are," according to Cleveland.com. In March, the Northern District's U.S. attorney's office filed a notice of appeal on Collins' sentence. The office declined to comment on the case."
>
> See exhibit "B". ABA Journal *Courts are giving reduced terms to many child-porn defendants.* By Stephanie Frances Ward August 2015.

The Sixth Circuit affirmed Judge Gwinn's sentence.

The Sixth Circuit has found additional reasonable sentences in child pornography cases that significantly varied from the Guidelines range. In *United States v. Weller*, 330 Fed. Appx. 506 (6th Cir. 2009), the Sixth Circuit affirmed a 10-year sentence for a defendant who was convicted of being a possessor, organizer, and distributor of child pornography despite having a Guidelines range of 324 to 405 months.

This Honorable Court has the ability and discretion to impose a punishment that satisfies the goals of sentencing, without having to defer to the harsh and cruel penalties set up in the Guidelines. Importantly, Mr. Haggerty in no way minimizes his conduct. He recognizes that he has committed a crime and that it requires the appropriate punishment from this Court. However, the severe guideline range of 292-360 months imprisonment set forth in the PSI is unjustly long for this 50-year old Canadian citizen who is a first-time offender with no criminal history and who has accepted responsibility for his conduct.

## 5. The guideline range for Mr. Haggerty's offense is greater than necessary to achieve the purposes of sentencing.

Mr. Haggerty's PSI has added four additional sentencing adjustments totaling an 11 level increase in his already high base offense level of 32. While his total offense level of 43

(and 40 after timely acceptance) is just down right extreme, his base offense level of 32 is also very severe when compared with the offense level assigned to defendants convicted of seemingly much more serious crimes. The U.S.S.G. vaulted this defendant into the same category as firearms dealers providing weapons to terrorist organizations. The child pornography guideline instead of reducing unwarranted sentencing disparities, end up creating disparities.

Examples of the Guidelines harshness in Mr. Haggerty's case is that the Sentencing Guidelines establish a base offense level lower than that applicable to Mr. Haggerty's crime of conviction from crimes such as:

- Interference with the operation of mass transportation vehicle that intentionally endangered the safety of the mass aircraft – 2A5.2 (30)

- Transmitting top secret national defense information – 2M3.3 (29)

- Disclosure of information identifying a covert agent by a person who had access to classified information – 2M3.9 (30)

- Providing Weapons and Explosives to a terrorist organization – 2M5.3 (28)

If Mr. Haggerty is sentenced in accordance with the recommended guideline range of imprisonment, he will be sentenced at a higher level than those convicted of crimes which threatened national and/or personal security (2M3.3) or providing weapons and explosives to a terrorist organization (2M5.3) In this context, it is difficult to imagine how a guideline sentence in Mr. Haggerty's case is not in fact greater than necessary to achieve the purposes of sentencing. Accordingly, Mr. Haggerty submits that the previously listed 3553(a) factors combine to demonstrate that the guideline range in the PSI is greater than necessary to achieve the goals of imprisonment and that a 180-month sentence is appropriate.

13

IV. **CONCLUSION**

Because of Mr. Haggerty's:

1. first offender status, and;
2. his current age of 50 and age of 65 at the time of his release from prison, and;
3. his low probability of recidivism, and;
4. the need to avoid sentencing disparities, and;
5. that after he serves his lengthy prison sentence he will be deported back to Canada to face similar charges;

a 180-month sentence along with registration as a Tier II sex offender, is by any measure sufficient but not greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a). Such a sentence will adequately protect the public and punish Mr. Haggerty for his conduct.

### A. JOSEPH B. HAGGERTY'S SENTENCING REQUEST

Defendant Haggerty respectfully request that the Court issue a *Sentencing Order,* which includes the following:

1. That the Court grant his objections to the multiple level adjustments set forth in the PSI and argued by the government; and,

2. Pursuant to § 18 U.S.C. §3553 and the foregoing reasons in support thereof the Court grant his motion for a downward variance in Mr. Haggerty's guideline range; and,

3. Because of his addiction to marijuana, a recommendation to the Bureau of Prisons that Mr. Haggerty be permitted to participate in the 500-hour Residential Drug Abuse Program (RDAP) and other intensive programs for which he qualifies; and,

4. The Court give Mr. Haggerty credit for all time served and waive any discretionary fine and court costs because of his indigency; and,

5. A recommendation to the Bureau of Prisons that Mr. Haggerty be placed at the Federal Correctional Institutions at Sandstone, Minnesota or Milan, Michigan.

15

        Respectfully submitted,

        /s/ Jeff Hastings_____
        JEFF HASTINGS (S.C.R. #0052140)
        50 Public Square, Suite 3300
        Cleveland, Ohio 44113-2289
        216.344.8300/216.696.1166(f)
        jhastings@hastingslegal.net
        Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing filing has been forwarded via this Court's electronic filing system this 7th day of May 2018 to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

/s/ Jeff Hastings
JEFF HASTINGS (S.C.R. #0052140)
Counsel for Defendant